**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SERGE JEAN,** | § | |
| *Petitioner* | § | |
| | § | **A-22-CV-751-RP-SH** |
| **v.** | § | |
| | § | |
| **WARDEN, FCI BASTROP,** | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court is Petitioner Serge Jean's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed July 25, 2022 (Dkt. 1). The District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

## I. Background

On December 6, 2005, a Grand Jury in the Southern District of Florida indicted Petitioner on three counts of possession with intent to distribute a controlled substance (crack cocaine, heroin, and marijuana), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(b), 841(b)(1)(C) and 844 (Counts One-Three), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Four). *United States v. Jean*, 1:05-cr-20894-PAS. On May 3, 2007, pursuant to a plea agreement, Petitioner pled guilty to possession with intent to distribute heroin (Count Two) and possession of a firearm in furtherance of a drug trafficking crime

1

(Count Four). *Id.* at Dkt. 33. On October 24, 2007, the United States District Court for the Southern District of Florida sentenced Petitioner to a 262-month term of imprisonment, three years of supervised release, and a $200 special assessment. *Id.* at Dkt. 37.

Petitioner did not file a direct appeal of his conviction and sentence, but did file a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that his defense counsel failed to provide him with effective assistance of counsel. *Id.* at Dkt. 38. On July 1, 2009, the District Court denied Petitioner's § 2255 Motion. *Id.* at Dkt. 45. Petitioner appealed, but on August 15, 2014, the United States Court of Appeals for the Eleventh Circuit dismissed his appeal for want of prosecution. *Id.* at Dkt. 55. Petitioner subsequently filed a Writ of Error Coram Nobis under 28 U.S.C. § 1651(a), arguing that his guilty plea was not knowing and voluntary. The Southern District of Florida denied the writ. *Id.* at Dkt. 57. Petitioner currently is incarcerated in the Federal Correctional Institute in Bastrop, Texas.

In the instant writ of habeas corpus under 28 U.S.C. § 2241, Petitioner argues that he should be released from prison because he was denied the effective assistance of counsel during the plea stages of his criminal case, and that is guilty plea was "involuntary, unknowing and the product of affirmative misrepresentations by counsel." Dkt. 1 at 7.

## II. Analysis

Petitioner's claims are outside the proper scope of a § 2241 petition because he is attacking errors that occurred at or before his sentencing. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A petition for a writ of habeas corpus pursuant to § 2241 is not a substitute

for a motion under § 2255." *Id.* at 452. Thus, a § 2241 petition seeking to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.*

This Court lacks jurisdiction to construe the instant petition as a § 2255 petition because the Eleventh Circuit has not granted petitioner authorization to file a successive § 2255 petition. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (holding that district court lacked jurisdiction to construe a § 2241 petition as a § 2255 motion because petitioner had not received prior authorization from the court of appeals to file a successive § 2255 motion). In addition, a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for the Southern District of Florida. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a § 2255 motion where prisoner was sentenced in a different district); *Ojo*, 106 F.3d at 683 (noting that only sentencing court has jurisdiction to address § 2255 motion). For these reasons, the Court lacks jurisdiction to construe Petitioner's § 2241 motion as a motion under § 2255.

The Court nevertheless may address Petitioner's claims through the "savings clause" provision of § 2255 if Petitioner can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct

3

that was not prohibited by law." *Id.* at 903. Petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Section 2255(e); *see also Pack*, 218 F.3d at 452.

Petitioner has not sustained his burden to demonstrate that § 2255 is an "inadequate" or "ineffective" remedy. The Fifth Circuit has held that "a prior unsuccessful § 2255 motion, or the inability to meet [the Antiterrorism and Effective Death Penalty Act of 1996]'s 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

> A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Pack*, at 453.

Petitioner does not argue that there is a recent retroactively applicable Supreme Court decision establishing that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted. Rather, Petitioner simply attempts to circumvent the limitations on filing successive § 2255 motions. Accordingly, Petitioner may not avail himself of § 2241 relief, and his § 2241 Petition should be dismissed for lack of jurisdiction.

### III.  Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Petitioner's habeas corpus petition under 28 U.S.C. § 2241 (Dkt. 1) for lack of jurisdiction.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 3, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE